Poineer v. Bagnall.

*For affirmance*—THE CHANCELLOR, DEPUE, PARKER, REED, SCUDDER, BROWN, COLE.   7.

*For reversal*—DIXON, CLEMENT, MCGREGOR.   3.

SARAH J. POINEER v. WILLIAM BAGNALL.

1. A judgment of a justice was docketed on a constable's return in these words, viz.: "I return the within execution this 25th day of September, 1872, unsatisfied, no goods or chattels found within my county belonging to the defendant to make any part of the debt and costs on this execution, except that which is exempt by law." *Held*, such judgment was valid.

2. The case of *Matthews* v. *Miller*, 18 *Vroom* 414, disapproved.

Action of ejectment. It was held at trial that a docketed judgment was valid which had been docketed on a certified copy of the return of the constable, which was in these words, viz.: "I return the within execution this 25th day of September, 1872, unsatisfied, no goods or chattels found within my county belonging to the defendant, to make any part of the debt and costs on this execution, except that which is exempt by law." The trial judge sustained the judgment. Writ of error to this court.

For the plaintiff in error, *D. W. McCrea* and *W. B. Gillmore*.

For the defendant in error, *John Garrick*.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.   The defendant at the trial of this cause made title to the premises in question through a sheriff's sale that had been made by virtue of a judgment originally rendered in the court for the trial of small causes, and which had been docketed in the Court of Common Pleas. It was claimed by the plaintiff that such judgment was void

on the ground that the constable's return on which it was founded did not conform to the act regulating the subject.

From the copy of the officer's return, prefixed to this opinion, it will be perceived that the constable does not state, with literal conformity to the statute, that " he could not find any personal property of the defendant in execution on which to levy," but his return is, " No goods or chattels found."

We find, from an elaborate examination which has been made in this case, that this return is according to the very general practice in the different counties of this state, and that such course has been pursued since the passage of the primary act, which was in the year 1848.   When the case of *Matthews* v. *Miller*, 18 *Vroom* 414, was decided in the Supreme Court, the prevalence of such a practice was entirely unknown to the court, and that case therefore must not in the future be regarded as an authority for the doctrine upon which it rests. With respect to the two decisions heretofore rendered on this subject in this court, viz., *Tasto* v. *Klopping*, 14 *Vroom* 448, and *Freichenecht* v. *Meyer*, 12 *Stew. Eq.* 557, they exemplify a line of cases somewhat different from the one just referred to, for the return of the constable in each of these two instances indicated that there were some unexempted goods within his county whereon to levy, and on which no levy had been made.   Where such fact appears by express statement, or by reasonable intendment, the requirement of the statute, being a prerequisite to a legal docketing, cannot be said to have been fulfilled.

But being of opinion that the long-continued practical construction that has been put upon this clause of the act in question should be adopted by this court as its true exposition, we think the present judgment should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, COLE, MCGREGOR, WHITAKER.   13.

*For reversal*—None.